# Capital City Water Company v. Board of Revenue.

*Certiorari to County Board of Revenue, in matter of Assessment of Taxes against Water Works Company.*

1. *Increased valuation not authorized on facts.*—On citation from a county board of revenue to a private corporation, to appear and show cause why the value of its capital stock as assessed for taxation should not be increased from $87,000 to $200,000, an averment in the answer that "the cash value of its entire capital stock, on the 1st January, 1889, was $87,000," is a complete defense, though other averments may be subject to demurrer; and the truth of this averment being admitted, there is no authority for increasing the valuation.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

CHAS. P. JONES, for appellant, cited Code of 1886, §§ 451, sub-div. 8; 453, sub-div. 9; 478; *State v. Bienville Water Co.*, 89 Ala. 323; 8 So. Rep. 54; 64 Ala. 269; 59 Ala. 551.

MOORE & FINLEY, *contra.*

McCLELLAN, J.—The capital stock of the appellant corporation having been returned for taxation at a valuation of eighty-seven thousand ($87,000) dollars, the Board of Revenue cited the company to appear and show cause why such valuation should not be increased to two hundred thousand ($200,000) dollars. The company appeared accordingly and filed a sworn answer to the citation, in which it is alleged, *first*, that the capital stock of the company is invested in its "system of water works, mains, pumping stations, &c., in the city of Montgomery and the territory adjacent thereto," which property is otherwise "taxed and has been duly assessed by the tax assessor of Montgomery County for the year 1889;" *second*, that all of said

company's capital stock of three hundred and fifty thousand ($350,000) dollars par value (except about $25,000 par value) is the property of persons who are non-residents of the State of Alabama. That the cash value of its entire capital stock was on January 1st, 1889, $87,000; and *third*, that the value of its capital stock was returned by its secretary on the advice of the tax assessor, but that said company has since been advised and believes and so states, "that it is not liable to taxation on any part of its said capital, the same being invested in property which is taxed as such." A demurrer was interposed to this answer which is set out in the proceedings of the Board of Revenue, and following this is the recital that, "it was admitted that the facts stated in the answer were true. This was all the evidence, and the Board thereupon made the following orders, to the making of each of which the said Capital City Water Company duly and separately excepted." These orders were that the demurrer to the answer be sustained, and that, the water company "failing and refusing to make any other or further answer to such citation, the valuation of its capital stock for taxation be increased to $200,000. It seems that a bill of exceptions was taken on this trial before the Board of Revenue and made a part of its record which was carried into the circuit court by *certiorari*. On the hearing in that court, the action of the Board of Revenue was affirmed, a bill of exceptions again taken reciting that the facts averred in the answer were admitted to be true, and that "this was all the evidence," &c., and this appeal sued out.

It may be conceded that the answer of the water company, considered with the exhibits which are made a part of it, does not show with requisite certainty that all the capital stock of the corporation was invested in property which was itself taxable and taxed for the year in which the assessment involved here was made against such capital stock. It may be too that the company, having returned its capital stock for taxation, upon a citation to show cause why the valuation it had returned for that item should not be increased, could not be heard to insist that it was not subject to taxation at all because only representative of tangible property otherwise taxed as such under section 457 (clause 8), 453 (clause 9) and 478 of the Code. And from either of these propositions it would follow that the answer was insufficient in so far as it sought to invoke entire exemption of the capital stock from taxation. But it was also insisted by the answer, and to this extent it was directly responsive to the citation, that the cash value of the capital stock of the company was precisely that at which it had been assessed, and which it was proposed to increase.

[Abels v. Planters & Merchants Ins. Co.]

Unquestionably this was the point at issue, and unquestionably, also, if the averment in this respect was true, it was a complete and absolute showing against the proposed increase of the valuation, since it is the cash value alone of property which our statutes contemplate and provide shall be the basis of tax assessments.—Code, §§ 475, 478, 515; Acts 1886-7, p. 11; *State v. Bienville Water Supply Co.*, 89 Ala. 323; 8 So. Rep. 54. If, therefore, the case was tried in the Board of Revenue and in the circuit court, and decided on the demurrer, the judgment would be bad because the answer was sufficient against a proposition to increase the valuation, in that it asserts as a fact that the true tax valuation of the property is only $87,-000, at which it was already assessed. And on the other hand, if the case did not go off on demurrer, but an issue of fact was presented and determined, as the recitals of the bills of exceptions go to indicate, it is made to appear that the only evidence adduced were the statements of the answer, and these were admitted to be true. This involves the finding as a matter of fact that the capital stock of the Water Company was worth only the $87,000, at which the assessment had been made. Whether, therefore, the conclusion that the capital stock was worth $200,000 was reached on a demurrer sustained and the failure and refusal of the water company to answer further, or on the evidence, it can not be sustained; and the order or judgment fixing that sum as the correct tax valuation should, in either aspect, have been reversed by the circuit court. Having been affirmed in that court, its judgment will be reversed and the cause remanded.

Reversed and remanded.